IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
CENTRAL DIVISION

**KENNETH RAY MARSHALL**                                  **PETITIONER**

No. 4:20-cv-00732 JM/PSH

**DEXTER PAYNE, DIRECTOR,**
**Arkansas Department of Correction**                     **RESPONDENT**

**FINDINGS AND RECOMMENDATION**

**INSTRUCTIONS**

The following recommended disposition has been sent to United States District Judge James M. Moody, Jr. You may file written objections to all or part of this Recommendation. If you do so, those objections must: (1) specifically explain the factual and/or legal basis for your objection; and (2) be received by the Clerk of this Court within fourteen (14) days of this Recommendation. By not objecting, you may waive the right to appeal questions of fact.

**DISPOSITION**

Kenneth Ray Marshall ("Marshall") seeks a writ of habeas corpus pursuant to 28 U.S.C. § 2254. Marshall is currently in the custody of the Arkansas Department of Correction ("ADC") following guilty verdicts in a 2015 jury trial in the Circuit Court of Columbia County on the charges of aggravated residential burglary and commercial burglary. He was sentenced as an habitual offender to life imprisonment.

On direct appeal, Marshall submitted two claims[1] for relief. The direct appeal was unsuccessful. *Marshall v. State*, 2017 Ark. 347. Marshall subsequently sought Rule 37 postconviction relief, alleging his trial attorney ineffectively requested trial continuances without good cause or legal bases, which deprived him of his right to a speedy trial. The trial court denied his Rule 37 petition, and the Supreme Court of Arkansas affirmed that decision. *Marshall v. State*, 2020 Ark. 66.

In his federal habeas corpus petition, Marshall claims:

(1) the state court's conclusion that Marshall's attorney was not deficient resulting in a denial of his right to a speedy trial was contrary to and/or an unreasonable application of established federal law;

(2) the state court's conclusion that Marshall was not prejudiced by the claimed deficient acts and omissions by his attorney was contrary to and/or an unreasonable application of established federal law; and

(3) the state court's decision to deny Marshall relief was based on an unreasonable determination of the facts and application of the law in light of the evidence presented in state court proceedings.

Respondent Dexter Payne ("Payne") contends the petition should be dismissed, and Marshall has addressed Payne's assertions in a supplemental reply. Docket entry nos. 7 & 8.

---

[1] The claims were: (1) the State did not prove he entered or remained in another person's residence with the specific intent to commit a criminal offense; and (2) the State did not prove he entered or remained in another person's residence while armed with a deadly weapon.

*Analysis*

Marshall's first and second claims for relief are issues which were considered by the Supreme Court of Arkansas. When the state court has ruled on the merits of a petitioner's claims, a writ of habeas corpus may not be granted unless the state court's decision "was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court" or the state court's decision "was based on an unreasonable determination of the facts in light of the evidence presented in the State court." 28 U.S.C. § 2254(d)(1), (2). The United States Supreme Court offers guidance in interpreting the statute:

> A state court decision will be "contrary to" our clearly established precedent if the state court either "applies a rule that contradicts the governing law set forth in our cases," or "confronts a set of facts that are materially indistinguishable from a decision of this Court and nevertheless arrives at a result different from our precedent." A state court decision will be an "unreasonable application of" our clearly established precedent if it "correctly identifies the governing legal rule but applies it unreasonably to the facts of a particular prisoner's case."
>    . . . Distinguishing between an unreasonable and an incorrect application of federal law, we clarified that even if the federal habeas court concludes that the state court decision applied clearly established federal law incorrectly, relief is appropriate only if that application is also objectively unreasonable.

*Penry v. Johnson*, 532 U.S. 782, 792-93 (2001) (citations omitted).

The Supreme Court of Arkansas addressed Marshall's arguments in the following passage:

> In his first point on appeal, Marshall contends that the trial court did not hold a hearing and failed to make sufficient findings of fact to sustain its conclusions. The trial court concluded that Marshall had failed to demonstrate that counsel was deficient or that as a result of the alleged deficiencies, the outcome of the proceeding would have been different.

In sum, the trial court's conclusions were sufficient for review. In any event, when a petition for postconviction relief is denied without a hearing, Rule 37.3(a) requires that the trial court "shall make written findings to that effect, specifying any part of the files, or records that are relied upon to sustain the court's findings." *Henington v. State*, 2012 Ark. 181, at 9, 403 S.W.3d 55, 62. If the trial court fails to make such findings, it is reversible error, except in cases in which it can be determined from the record that the petition is wholly without merit or when the allegations in the petition are such that it is conclusive on the face of the petition that no relief is warranted. *Id.* Here, it is clear from the record and from the allegations contained in the petition that Marshall's Rule 37.1 petition is without merit.

In his petition and in his arguments on appeal, Marshall contends that he was arrested on November 26, 2013, and was tried on June 17, 2015, which is 568 days between his arrest and his trial. According to Marshall, his attorney erroneously requested continuances without good cause or legal justification. Marshall further contends that the trial court erred by granting his counsel's requests.

Under Rule 28.1 of the Arkansas Rules of Criminal Procedure (2018), a defendant must be brought to trial within twelve months unless there are periods of delay that are excluded under Rule 28.3. *Gondolfi v. Clinger*, 352 Ark. 156, 98 S.W.3d 812 (2003). Rule 28.3(c) provides that "the period of delay resulting from a continuance granted at the request of defendant or his counsel" shall be excluded in computing the time for trial. Periods of time attributable to competency evaluations are likewise excludable in computing the time for trial. Ark. R. Crim. P. 28.3(a).

The record demonstrates that there was no speedy-trial violation because Marshall was brought to trial within the twelve months after several excludable time periods attributable to the defense are subtracted from the 568-day period. These excludable periods are specifically reflected in the trial court's docket entries: on February 6, 2014, defense counsel moved for a 133-day continuance to allow Marshall to participate in a "temporary violators program" within the Arkansas Department of Correction; on October 2, 2014, another continuance was requested because the State offered a plea deal that included a proposed sentence of twenty years' imprisonment, and 63 days later on December 4, 2014, Marshall appeared in court and rejected the offer; following the plea rejection, another 67 days were excluded beginning on February 13, 2015, with a "fitness to proceed" order and ending on April 15, 2015, the date the results were filed. Because these periods of delay were at the request of the defendant and included a period of time for the purpose of a competency evaluation, they are excludable. These excludable periods total 263 days, which, when subtracted from the 568 days, demonstrates that Marshall was brought to trial within 305 days from the date of his

> arrest. Therefore, Marshall has not shown that counsel failed to file a meritorious motion to dismiss based on a speedy-trial violation. Counsel is not ineffective unless a defendant is tried in violation of a speedy-trial right and counsel failed to raise the issue either at the trial level or on appeal. *See Camargo v. State*, 346 Ark. 118, 55 S.W.3d 255 (2001).
>
> Marshall does not argue that counsel failed to raise a speedy-trial issue; rather, Marshall alleges that his attorney was ineffective by requesting the delays without a legal basis and contends that the trial court erred by granting the defense's requests. Allegations of trial court error are assertions that must be raised at trial and on direct appeal and are not cognizable in Rule 37.1 proceedings unless the error is such that it would void the judgment. *McClinton v. State*, 2018 Ark. 116, 542 S.W.3d 859. An alleged speedy-trial violation is not a defect sufficient to void a judgment. *State v. Wilmoth*, 369 Ark. 346, 255 S.W.3d 419 (2007).
>
> Finally, even assuming that counsel's requests delayed Marshall's trial without a legal basis, Marshall fails to demonstrate that he was prejudiced as a result of counsel's alleged errors. As stated above, Marshall must demonstrate a substantial likelihood that counsel's errors changed the outcome of the proceedings. *Thompson*, 2019 Ark. 312, 586 S.W.3d 615. Here, Marshall fails to allege any facts demonstrating that the delay in his trial changed its outcome.

*Marshall v. State*, 2020 Ark. 66, 4–6.

The "clearly established Federal law" applicable in this instance is *Strickland v. Washington*, 466 U.S. 688 (1983), requiring a petitioner to prove that (1) his attorney's actions were unreasonable when viewed in the totality of the circumstances; and (2) he was prejudiced because there is a reasonable probability that, but for counsel's unprofessional errors, the result of the trial would have been different. The Supreme Court of Arkansas cited *Strickland* in its opinion. And although the trial court did not specifically cite federal law, that failure is not problematic as the Arkansas cases[2] cited by the trial court mirror the principles of *Strickland,* and neither the court's reasoning nor result contradicts federal law. *See Cox v. Burger*, 398 F.3d 1025, 1030 (8th Cir.

---

[2]The trial court cited, *inter alia*, *Isom v. State*, 284 Ark. 426 (1985), and *Wainwright v. State*, 307 Ark. 569 (1992), both of which cite *Strickland*.

2005).

Having reviewed the trial record and the Supreme Court of Arkansas' Rule 37 opinion, the Court concludes that the state court decision was not contrary to, or an unreasonable application of, *Strickland*. The Supreme Court of Arkansas' opinion, thoroughly setting out the law and the assertions of ineffective assistance of counsel, held that Marshall failed to satisfy the second prong of the *Strickland* test in every allegation of counsel error. Put another way, even if Marshall's counsel had made every argument he now claims should have been made, there was no prejudice to him as he fails to demonstrate any of the arguments were meritorious. This application of *Strickland* was appropriate and there is no merit to Marshall's claim, under 28 U.S.C. § 2254(d)(1), of constitutional error in applying the applicable federal law.

Marshall quarrels with the Supreme Court of Arkansas, noting the three intervals which it cited as properly excluded in the speedy trial calculations.[3] These periods were: (1) 133 days to allow Marshall to participate in a temporary violators program ("TVP") within the ADC; (2) 63 days to continue with plea negotiations; and (3) 67 days to allow an evaluation regarding Marshall's competency to proceed.

Conceding that the third interval of 67 days was properly excluded from the speedy trial formula, Marshall argues the first and second intervals were erroneously attributed to him. Regarding the first interval of 133 days, Marshall concedes his attorney requested his assignment to the TVP. Despite the admitted request on his

---

[3]The Supreme Court of Arkansas indicated there were additional periods of delay attributable to Marshall. Payne identifies three additional time periods, totaling 152 days, which could have been attributed to Marshall and excluded from the speedy trial formula. Docket entry no. 7, page 9, footnote 1.

behalf, Marshall contends the TVP is an ADC program and, as a result, is "in direct violation of the intent of Rule 28.1(b) to provide trial while a defendant is incarcerated."[4] Docket entry no. 1, page 7. Marshall contends the second interval, 63 days for plea negotiations to occur, was requested by the prosecution rather than Marshall's attorney, who acquiesced in the request.[5] Marshall concedes that the docket sheet is silent as to who requested this continuance. Docket entry no. 8, page 5. The Supreme Court of Arkansas found Marshall's attorney was not deficient regarding the issue of speedy trial, and further found no prejudice accrued to Marshall stemming from his attorney's acts or omissions. Marshall fails to show that the Supreme Court of Arkansas' rulings were contrary to, or involved an unreasonable application of, *Strickland*. To the contrary, Marshall does not refute the Arkansas court's finding that a speedy trial motion was without merit. It follows that existing federal law, *Strickland*, was not offended when Marshall's attorney failed to advance a meritless motion. *Dodge v. Robinson*, 625 F.3d 1014 (8th Cir. 2010). There is no merit to the first two claims advanced by Marshall.

---

[4]To the extent that Marshall may be arguing a violation of state rules, such a claim is not cognizable in this petition. Federal habeas corpus relief is available for a person in state custody "only on the ground that he is in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2254(a). "[I]t is not the province of a federal habeas court to reexamine state-court determinations on state-law questions." *Estelle v. McGuire*, 502 U.S. 62, 67-68 (1991).
Additionally, the Supreme Court of Arkansas noted its own rule, A.R.Cr.P. 28.3(c), explicitly provides that a delay resulting from a continuance granted at the request of a defendant or his attorney *shall be* excluded in computing time for trial.

[5]A criminal defendant is well advised to pursue plea negotiations, and it is difficult to criticize a continuance to engage in plea negotiations, whether acquiesced to or requested by a defendant's attorney. Here, the negotiations netted Marshall a proposed twenty year sentence, which he rejected.

Marshall's third claim for relief is error when the trial court denied his Rule 37 petition without conducting a hearing. This claim is rooted in state law – that is, the trial court violated A.R.Cr.P. 37.1 when it ruled without conducting a hearing. As previously noted, state law challenges are not cognizable in federal habeas corpus actions. *See Estelle v. McGuire*, 502 U.S. 62 (1991). While Marshall frames this argument as an unreasonable determination of the facts in light of the evidence presented in state court, this characterization does not change the nature of the claim or bring the claim under the umbrella of 28 U.S.C. § 2254(d)(2).

***Conclusion:*** For the foregoing reasons, the Court recommends that the petition for writ of habeas corpus be dismissed and the relief requested be denied.

Pursuant to 28 U.S.C. § 2253 and Rule 11 of the Rules Governing Section 2554 Cases in the United States District Court, the Court must determine whether to issue a certificate of appealability in the final order. In § 2254 cases, a certificate of appealability may issue only if the applicant has made a substantial showing of the denial of a constitutional right. 28 U.S.C. § 2253(c)(1)-(2). The Court finds no issue on which petitioner has made a substantial showing of a denial of a constitutional right, and therefore recommends that a certificate of appealability be denied.

IT IS SO RECOMMENDED this 15th day of October, 2020.

_____
UNITED STATES MAGISTRATE JUDGE